UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SOUTHEAST CONSTRUCTION
SERVICES, LLC,

          Plaintiff,

v.                                  CASE NO.  8:14-CV-1565-T-17AEP

WELLS FARGO BANK, N.A.,
and HUSTON TRIPP,

          Defendants.

_____/

ORDER

This cause is before the Court on:

Dkt. 15    Motion to Remand
Dkt. 17    Response in Opposition

Defendant Wells Fargo Bank, N.A. removed this case from Polk County Circuit Court, Case No. 2014-CA-02164 on June 27, 2014.   The basis of jurisdiction is diversity.   The removed Complaint includes Plaintiff Southeast Construction Services, LLC's claim for negligence against Defendant Wells Fargo Bank, N.A.  (Dkt. 2).   In the Complaint, Plaintiff does not seek the award of damages in a definite amount; however, Plaintiff alleges the amount of the checks involved, "over $700,000.00." (Dkt. 2, par. 21).

Plaintiff Southeast Construction Services, LLC was formed in 2006 by its sole Manager and Member, Michael J. Moore.  (Dkt. 2, p. 1, par. 6).  Plaintiff alleges that Plaintiff entrusted its day-to-day operations to employee Stephen Swafford in 2009, when Michael J. Moore moved to Georgia.  After the move, Plaintiff relied on Stephen Swafford to provide him information regarding Plaintiff's operations.  On February 10,

Case No. 8:14-CV-1565-T-17AEP

2011, Stephen Swafford incorporated Southeast Construction Services of America, Inc.
On February 24, 2011, Stephen Swafford opened a checking account with Wachovia
Bank, which was at that time a division of Wells Fargo Bank, N.A.   The name on the
signature card is "Southeast Construction Services."   Plaintiff alleges that Stephen
Swafford intentionally opened the checking account in the name of Southeast
Construction Services to permit Stephen Swafford to deposit checks payable to Plaintiff
Southeast Construction Services, LLC as well as checks made payable to Swafford's
company, Southeast Construction Services of America, Inc.   The Complaint includes
Plaintiff's claim for negligence, alleging a duty to exercise reasonable care in permitting
Swafford to open a checking account, a duty to exercise reasonable care not to deposit
checks payable to Plaintiff into the account of a third party, Defendant's failure to
confirm that "Southeast Construction Services" was a fictitious name registered to
Swafford or his company, and Defendant's failure to verify the identity of the entity
seeking to open a new account.  Defendant alleges a violation of 31 CFR 103.121, in
that Defendant did not implement a Customer Identification Program, or Defendant
failed to properly verify the customer's identity as required by the Customer
Identification Program.  Plaintiff seeks the award of damages in favor of Plaintiff against
Defendant Wells Fargo Bank, N.A., with prejudgment interest and court costs.

Plaintiff Southeast Construction Services, LLC filed an Amended Complaint on
July 24, 2014, adding Huston Tripp as a defendant, and adding two claims, a claim for
conversion and a claim for negligence relating to the deposit of checks in the Wells
Fargo account.   The face amount of the checks which Plaintiff alleges were intended
for Plaintiff totals $625,376.56.  Plaintiff alleges that Huston Tripp was the bank
employee who permitted Swafford to open the Wells Fargo Account, and signed the
Non-Personal Signature Card on behalf of Wells Fargo Bank.  In Count I, Plaintiff
alleges that Defendant Wells Fargo Bank and Huston Trip had a duty to exercise
reasonable care in permitting Swafford to open a checking account. As to Count I,
Plaintiff seeks a joint and several judgment against Defendants, prejudgment interest

2

Case No. 8:14-CV-1565-T-17AEP

and costs. In Count II, Plaintiff seeks a judgment for conversion against Defendant
Wells Fargo Bank, N.A., with prejudgment interest and costs. In Count III, Plaintiff
alleges a claim for negligence against Defendant Wells Fargo Bank, N.A. for negligence
in failing to require a proper endorsement, and failure to exercise ordinary care and
good faith in allowing the deposit of the checks referenced in the Amended Complaint.
As to Count III, Plaintiff seeks a judgment against Defendant Wells Fargo Bank, N.A.,
with prejudgment interest and costs.    Plaintiff demands a trial by jury as to all claims.


I. Motion to Remand


        Plaintiff Southeast Construction Services, LLC moves to remand this case to
Polk County Circuit Court.   Plaintiff moves to remand because Huston Tripp, a non-
diverse Defendant, was joined as a defendant, destroying diversity jurisdiction, and
remand is appropriate under 28 U.S.C. Sec. 1447(c). Plaintiff did not seek leave of
court to amend the Complaint, but filed the Amended Complaint as a matter of course,
as the Amended Complaint was filed within twenty-one days of service of a Motion to
Dismiss.


        Defendants oppose the remand of this case. Defendants argue that the
nondiverse defendant was fraudulently joined because Plaintiff Southeast Construction
Services, LLC was not Wells Fargo's customer with respect to the subject Account.
Therefore, neither Defendant owed a duty to Plaintiff recognized by Florida law as to
the opening of the Account, setting policies with respect to the opening of the Account,
or accepting checks into the Account. Plaintiff Southeast Construction Services, LLC
was not the account holder. Defendants further argue that the signature card
identifying Huston Tripp as the bank employee who opened the Account was attached
to the initial Complaint, but Plaintiff filed the Complaint without naming Tripp as a
Defendant.

Case No. 8:14-CV-1565-T-17AEP

A.  Diversity

In the Complaint, Plaintiff states:

2.  Plaintiff Southeast Construction Services, L.L.C. is a Florida limited liability company with its principal place of business in Polk County, Florida.

3.  Defendant Wells Fargo Bank, N.A. is a national banking association authorized to do business in the State of Florida with numerous branches in Polk County, Florida.

In the Notice of Removal, Defendant Wells Fargo alleges that Defendant is a national banking association with its principal place of business in the State of California.  For purposes of diversity jurisdiction, a national bank is located in the state designated in its articles of association as the locus of its main office.  Wachovia Bank v. Schmidt, 546 U.S. 303 (2006).

In the Complaint, Plaintiff alleges that Plaintiff was formed in 2006 by its sole Manager and Member, Michael J. Moore, and in 2009 Mr. Moore moved to Georgia to pursue opportunities to expand the business there, leaving the day to day operations of Plaintiff in the hands of Stephen Swafford.   In Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C, 374 F.3d 1020 (11th Cir. 2004), the Eleventh Circuit held that, for purposes of diversity jurisdiction,  a limited liability company is a citizen of any state of which a member of the company is a citizen.  The Eleventh Circuit explains that, to sufficiently allege the citizenships of unincorporated business entities, the removing party must list the citizenships of all members of the limited liability company.  Because the members' citizenships were not stated in the Notice of Removal and could not be determined from the record, the Eleventh Circuit remanded the case to the district court for the limited purpose of determining the citizenships of the parties.

4

Case No. 8:14-CV-1465-T-17AEP

Defendant Wells Fargo Bank, N.A. did not list the citizenship of Michael J. Moore in the Notice of Removal. Because Defendant Wells Fargo Bank, N.A. invoked the Court's jurisdiction, the burden of pleading diversity is on Defendant, and, if jurisdiction is properly challenged, Defendant bears the burden of proof. Mr. Moore may be a Florida citizen or a Georgia citizen. Either citizenship is diverse from the citizenship of Defendant Wells Fargo Bank, N.A. However, if Mr. Moore is a Georgia citizen, then the addition of Florida citizen Huston Tripp as a party to the Amended Complaint does not destroy diversity jurisdiction. If Mr. Moore is a Florida citizen, it will become necessary for the Court determine the issue of fraudulent joinder. The Court is reluctant to do so before the record has been clarified. Accordingly, it is

**ORDERED** that Defendant Wells Fargo Bank. N.A. shall file an Amended Notice of Removal which includes sufficient allegations and supporting documents as to the citizenship of Michael J. Moore, Plaintiff's sole member, within seven days. The Court will **defer ruling** on the pending Motion to Remand and Motion to Dismiss during that time.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this day of March, 2015.


ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record