UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SOUTHEAST CONSTRUCTION
SERVICES, LLC,

       Plaintiff,

v.                               CASE NO. 8:14-CV-1565-T-17AEP

WELLS FARGO BANK, N.A.,
and HUSTON TRIPP,

       Defendants.

_____/

ORDER

This cause is before the Court on:

Dkt. 9    Amended Complaint
Dkt. 15   Motion to Remand
Dkt. 17   Response in Opposition
Dkt. 18   Affidavit
Dkt. 19   Affidavit
Dkt. 26   Amended Notice of Removal

Defendant Wells Fargo Bank, N.A. removed this case from Polk County Circuit Court, Case No. 2014-CA-02164 on June 27, 2014. The basis of jurisdiction is diversity. The removed Complaint includes Plaintiff Southeast Construction Services, LLC's ("Southeast") claim for negligence against Defendant Wells Fargo Bank, N.A. (Dkt. 2). In the Complaint, Plaintiff Southeast does not seek the award of damages in a definite amount; however, Plaintiff alleges the amount of the checks involved, "over $700,000.00." (Dkt. 2, par. 21).

Plaintiff Southeast Construction Services, LLC was formed in 2006 by its sole Manager and Member, Michael J. Moore. (Dkt. 2, p. 1, par. 6). Plaintiff alleges that

Case No. 8:14-CV-1565-T-17AEP

Plaintiff entrusted its day-to-day operations to employee Stephen Swafford in 2009, when Michael J. Moore moved to Georgia. After the move, Plaintiff relied on Stephen Swafford to provide information to him regarding Plaintiff's operations. On February 10, 2011, Stephen Swafford incorporated Southeast Construction Services of America, Inc. On February 24, 2011, Stephen Swafford opened a checking account with Wachovia Bank, which was at that time a division of Wells Fargo Bank, N.A. The name on the signature card is "Southeast Construction Services." Plaintiff alleges that Stephen Swafford intentionally opened the checking account in the name of Southeast Construction Services to permit Stephen Swafford to deposit checks payable to Plaintiff Southeast Construction Services, LLC as well as checks made payable to Swafford's company, Southeast Construction Services of America, Inc. The Complaint includes Plaintiff's claim for negligence, alleging a duty to exercise reasonable care in permitting Swafford to open a checking account, a duty to exercise reasonable care not to deposit checks payable to Plaintiff into the account of a third party, by Defendant's failure to confirm that "Southeast Construction Services" was a fictitious name registered to Stephen Swafford or his company or establishing policies and procedures to confirm that a fictitious name was registered, and Defendant's failure to verify the identity of the entity seeking to open a new account. Defendant alleges a violation of 31 CFR 103.121, in that Defendant did not implement a Customer Identification Program, or Defendant failed to properly verify the customer's identity as required by the Customer Identification Program. Plaintiff seeks the award of damages in favor of Plaintiff against Defendant Wells Fargo Bank, N.A., with prejudgment interest and court costs.

Plaintiff Southeast Construction Services, LLC filed an Amended Complaint on July 24, 2014, adding Huston Tripp as a defendant, and adding two claims, a claim for conversion and a claim for negligence relating to the deposit of checks in the Wells Fargo account. The face amount of the checks which Plaintiff alleges were intended for Plaintiff totals $625,376.56. Plaintiff alleges that Huston Tripp was the bank employee who permitted Swafford to open the Wells Fargo Account, and signed the

Case No. 8:14-CV-1565-T-17AEP

Non-Personal Signature Card on behalf of Wells Fargo Bank. In Count I, Plaintiff alleges that Defendant Wells Fargo Bank and Huston Trip had a duty to exercise reasonable care in permitting Swafford to open a checking account. As to Count I, Plaintiff seeks a joint and several judgment against Defendants, prejudgment interest and costs. In Count II, Plaintiff seeks a judgment for conversion against Defendant Wells Fargo Bank, N.A., with prejudgment interest and costs. In Count III, Plaintiff alleges a claim for negligence against Defendant Wells Fargo Bank, N.A. for negligence in failing to require a proper endorsement, and failure to exercise ordinary care and good faith in allowing the deposit of the checks referenced in the Amended Complaint. As to Count III, Plaintiff seeks a judgment against Defendant Wells Fargo Bank, N.A., with prejudgment interest and costs.   Plaintiff demands a trial by jury as to all claims.

I. Motion to Remand

Plaintiff Southeast Construction Services, LLC moves to remand this case to Polk County Circuit Court. Plaintiff moves to remand because Huston Tripp, a non-diverse Defendant, was joined as a defendant, destroying diversity jurisdiction, and remand is appropriate under 28 U.S.C. Sec. 1447(c). Plaintiff did not seek leave of court to amend the Complaint, but filed the Amended Complaint as a matter of course, as the Amended Complaint was filed within twenty-one days of service of a Motion to Dismiss.

Defendants oppose the remand of this case. Defendants argue that the nondiverse defendant was fraudulently joined because Plaintiff Southeast Construction Services, LLC was not Wells Fargo's customer with respect to the subject Account. Therefore, neither Defendant owed a duty to Plaintiff recognized by Florida law as to the opening of the Account, setting policies with respect to the opening of the Account, or accepting checks into the Account. Plaintiff Southeast Construction Services, LLC was not the account holder. Defendants further argue that the signature card

Case No. 8:14-CV-1565-T-17AEP

identifying Huston Tripp as the bank employee who opened the Account was attached to the initial Complaint, but Plaintiff filed the Complaint without naming Tripp as a Defendant.

A.  Standard of Review

"When a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court." Henderson v. Washington Nat. Ins. Co., 454 F.3d 1278, 1281 (11th Cir. 2006). To establish fraudulent joinder of a defendant, "the removing party has the burden of proving that either: 1) there is no possibility that the plaintiff can establish a cause of action against the resident defendant; or 2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997)(citations omitted).

The determination of whether a resident defendant has been fraudulently joined is based on the pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties.  Legg v. Wyeth, 428 F.3d 1317, 1325 (11th Cir. 2005). The potential for legal liability must be reasonable, not merely theoretical. Id. at 1325, n. 5.

In determining fraudulent joinder, the Court evaluates factual allegations in the light most favorable to the plaintiff, and resolves any uncertainties about state substantive law in favor of the plaintiff. See Crowe, 113 F.3d at 1358. The Court may resolve factual controversies in favor of a plaintiff only when there is some question of fact to be determined. When a defendant presents an undisputed affidavit, the Court cannot resolve the facts in the plaintiff's favor based solely on the unsupported allegations in the plaintiff's complaint. Legg, 423 F.3d at 1323.

4

Case No. 8:14-CV-1565-T-17AEP

B. Discussion

1. Diversity Jurisdiction

> In the Complaint, Plaintiff states:
>
> 2. Plaintiff Southeast Construction Services, L.L.C. is a Florida limited liability company with its principal place of business in Polk County, Florida.
>
> 3. Defendant Wells Fargo Bank, N.A. is a national banking association authorized to do business in the State of Florida with numerous branches in Polk County, Florida.

In the Notice of Removal, Defendant Wells Fargo alleges that Defendant is a national banking association with its principal place of business in the State of California. For purposes of diversity jurisdiction, a national bank is located in the state designated in its articles of association as the locus of its main office. Wachovia Bank v. Schmidt, 546 U.S. 303 (2006).

In the Complaint, Plaintiff alleges that Plaintiff was formed in 2006 by its sole Manager and Member, Michael J. Moore, and in 2009 Mr. Moore moved to Georgia to pursue opportunities to expand the business there, leaving the day to day operations of Plaintiff in the hands of Stephen Swafford. The Amended Notice of Removal (Dkt. 26) states that Michael J. Moore is a resident of the State of Florida, and resided in Florida at the time the Complaint was filed. For the purpose of determining diversity jurisdiction, Plaintiff Southeast Construction Services, LLC is a citizen of Florida, and Defendant Wells Fargo Bank, N.A. is a citizen of California. The amount in controversy is $700,000.00, based on allegations in the Complaint.

Case No. 8:14-CV-1565-T-17AEP

Defendant Wells Fargo Bank, N.A. has met its burden of establishing diversity jurisdiction at the time of removal. Most subsequent events after removal will not defeat jurisdiction, but the addition of a nondiverse defendant will do so. <u>IMFC Professional Services of Florida, Inc. v. Latin American Home Health, Inc.</u>, 676F.2d 152 (5th Cir. 1982).

2. Fraudulent Joinder

After removal, Plaintiff Southeast filed the Amended Complaint (Dkt. 9) which includes Huston Tripp, a resident of Florida, as a defendant. The allegations of Count I, negligence, are directed to Wells Fargo Bank, N.A. and Huston Tripp. Plaintiff alleges the duty of using reasonable care in permitting Stephen Swafford to open a checking account. Plaintiff further alleges the duty of using reasonable care not to allow the deposit of checks payable to Plaintiff into the Wells Fargo Account, by confirming that the fictitious name was registered or by establishing policies and procedures to confirm that a fictitious name was registered.

(a) Account Opening

Stephen Swafford, Plaintiff's then-employee, incorporated Southeast Construction Services of America, Inc. on February 10, 2011. The Articles of Incorporation are attached to the Amended Complaint as "Exhibit A." On February 24, 2011, Stephen Swafford opened the account at Wachovia Bank, then a division of Defendant Wells Fargo Bank, N.A. The signature card for the account is attached to the Amended Complaint as "Exhibit B." The name on the signature card for the account is "Southeast Construction Services." Stephen Swafford signed the signature card in his capacity as "President." The Tax ID Number is "T274951460." The social security number in the Substitute Form W-9 Social Security Number or Employer Identification Number Certification is "262511672."

Case No. 8:14-CV-1565-T-17AEP

Under the Federal Rules of Civil Procedure, the exhibits to the Amended Complaint are part of the pleading "for all purposes." Fed. R. Civ. P. 10(c); see Solis-Ramirez v. U.S. Department of Justice, 758 F.2d 1426, 1430 (11th Cir.1985) (per curiam) ("Under Rule 10(c) Federal Rules of Civil Procedure, such attachments are considered part of the pleadings for all purposes, including a Rule 12(b)(6) motion.").

When the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern. See Associated Builders, Inc. v. Ala. Power Co., 505 F.2d 97, 100 (5th Cir.1974) ("Conclusory allegations and unwarranted deductions of fact are not admitted as true, especially when such conclusions are contradicted by facts disclosed by a document appended to the complaint. If the appended document, to be treated as part of the complaint for all purposes under Rule 10(c), Fed. R. Civ. P., reveals facts which foreclose recovery as a matter of law, dismissal is appropriate." (citation omitted)); Simmons v. Peavey Welsh Lumber Co., 113 F.2d 812, 813 (5th Cir. 1940)("Where there is a conflict between allegations in a pleading and exhibits thereto, it is well settled that the exhibits control.").

Florida law defines a "customer" as "a person having an account with a bank or for whom a bank has agreed to collect items." Ch. 674.104(e), Fla. Stat. Plaintiff Southeast Construction Services, LLC is a limited liability company. A limited liability company has "members" and may be managed by its members or by a "Managing member". A limited liability company does not have a "President"; only corporations have officers. Although the name of the entity on the signature card is similar to Plaintiff's name, Stephen Swafford opened the account on behalf of his corporation, Southeast Construction Services of America, Inc., in his capacity as "President." The Court notes that, in connection with the opening of the account, Defendant Wells Fargo Bank, N.A. required Southeast Construction Services of America, Inc. to provide an executed Depository Authorization and Agreement Certificate, a copy of the Articles of

Case No. 8:14-CV-1565-T-17AEP

Incorporation, and evidence of its Employer Identification Number. (Dkt. 18). The Depository Authorization and Agreement Certificate identifies the "business type" as a corporation, and includes the full name and address of the corporation, as does the Articles of Incorporation. (Dkts. 18-1, 18-2). The Form SS-4 dated February 14, 2011 from the Internal Revenue Service to Southeast Construction Services of America, Inc. identifies the EIN as "27-4951460,"(Dkt. 18-3), the same number that appears on the signature card.

The exhibits to the Amended Complaint and Defendants' Affidavits establish that Southeast Construction Services of America, Inc. was Defendant Wells Fargo Bank, N.A.'s customer with respect to the Account opened by Stephen Swafford. Plaintiff Southeast Construction Services, LLC was not Defendant's customer; therefore, under Florida law, neither Defendant Wells Fargo Bank, N.A. nor Huston Tripp owed a duty of care to Plaintiff, as a non-customer of the Bank arising from the opening of the Account.

(b) Allowing Transactions or Maintenance the Account

The Court has determined that Plaintiff Southeast Construction Services, LLC was not Defendants' customer as to the subject account. As a matter of law, a bank does not owe a duty of care to non-customers as to the opening and maintenance of its accounts. Sroka v. Compass Bank, 2006 WL 2535656 (Fla. Cir. Ct. 8/31/2006)(citing Eisenberg v. Wachovia Bank, N.A., 301 F.3d 220 (4th Cir. 2002).

In the Amended Complaint, Plaintiff Southeast does not allege that Huston Tripp had actual responsibility for maintaining the Account or approving transactions on the Account. To establish liability against an officer or agent of a corporation, a plaintiff must allege and prove that a officer or agent owed a duty to the plaintiff and breached that duty through personal fault. "An officer or agent may not be held personally liable

Case No. 8:14-CV-1565-T-17AEP

simply because of his general administrative responsibility for the performance of some function of his employment—he or she must be actively negligent." White v Wal-Mart Stores, Inc., 918 So.2d 357, 358 (Fla. 1st DCA 2005). Since Plaintiff Southeast was not a customer of Defendant Wells Fargo Bank, N.A., Huston Tripp did not have a duty to Plaintiff as to the acceptance of checks into the Account or the setting of policies with respect to the opening of the Account.

The facts alleged in Journeys Academy, Inc. v. PNC Bank, 2013 WL 3772483 (M.D. Fla. 2013) and Harbor Court, LLC v. Colonial Bancgroup, Inc., 2009 WL 455434 (S.D. Fla. 2009) are distinguishable from the facts of this case. In this case, Plaintiff Southeast acknowledges that the Account was opened at least in part to deposit checks that were payable to Southeast Construction of America, not to Plaintiff Southeast. The affidavit and documentation provided show that there is no factual dispute as to identity of Defendant Wells Fargo's customer.

Since Plaintiff Southeast was not Defendant Wells Fargo's customer with respect to the Account, Defendant Huston Tripp owed Plaintiff no duty of reasonable care in the opening of the account, "not to allow the deposit of a check payable to Plaintiff into the Wells Fargo Account," or any alleged failure to properly verify the customer's identity.

Count I is due to be dismissed as a matter of law. Defendant Huston Tripp is named as a defendant only as to Count I, for which Plaintiff Southeast seeks a joint and several judgment against Defendants Wells Fargo Bank, N.A., and Defendant Huston Tripp. The Court finds that there is no reasonable possibility that Plaintiff Southeast can establish a cause of action against Defendant Huston Tripp. Because Defendant Huston Tripp is fraudulently joined, the Court denies Plaintiff's Motion for Remand. Accordingly, it is

Case No. 8:14-CV-1465-T-17AEP

**ORDERED** that Plaintiff's Motion for Remand (Dkt 15) is **denied**.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 17 day of March, 2015.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record