UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SOUTHEAST CONSTRUCTION
SERVICES, LLC,

      Plaintiff,

v.                        CASE NO.  8:14-CV-1565-T-17AEP

WELLS FARGO BANK, N.A.,
and HUSTON TRIPP,

      Defendants.

_____/

ORDER

This cause is before the Court on:

Dkt. 14    Motion to Dismiss Amended Complaint
Dkt. 20    Response in Opposition

Plaintiff's Amended Complaint (Dkt. 9) includes the following:

| | | |
|---|---|---|
| Count I | Negligence | Wells Fargo and Tripp |
| Count II | Conversion | Wells Fargo |
| Count III | Negligence | Wells Fargo |

Defendants Wells Fargo Bank, N.A. and Huston Tripp move to dismiss the Amended Complaint with prejudice.

Plaintiff Southeast Construction Services, LLC ("Southeast") opposes the Motion.

Case No. 8:14-CV-1565-T-17AEP

I. Standard of Review

A. Fed. R. Civ. P. 12(b)(6)

"Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "[D]etailed factual allegations" are not required, Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007), but the Rule does call for sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," Id., at 570. A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556. Two working principles underlie Twombly. First, the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements. Id., at 555. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense. Id., at 556. A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1955-1956 (2009)(quoting Bell Atlantic v. Twombly, 550 U.S. 544 (2007).

B. Consideration of Documents Attached to the Complaint or Incorporated

The Court limits its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v.

2

Case No. 8:14-CV-1565-T-17AEP

First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004). The Court may consider documents which are central to plaintiff's claim whose authenticity is not challenged, whether the document is physically attached to the complaint or not, without converting the motion into one for summary judgment. Speaker v. U.S. Dept of Health and Human Services Centers for Disease Control and Prevention, 623 F.3d 1371, 1379 (11th Cir. 2010); SFM Holdings, Ltd. v. Banc of America Securities, LLC, 600 F.3d 1334, 1337 (11th Cir. 2010); Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005); Maxcess, Inc. v. Lucent Techs., Inc., 433 F.3d 1337, 1340 n. 3 (11th Cir. 2005).

Under the Federal Rules of Civil Procedure, exhibits to a pleading are part of the pleading "for all purposes." Fed. R. Civ. P. 10(c); see Solis-Ramirez v. U.S. Department of Justice, 758 F.2d 1426, 1430 (11th Cir.1985) (per curiam) ("Under Rule 10(c) Federal Rules of Civil Procedure, such attachments are considered part of the pleadings for all purposes, including a Rule 12(b)(6) motion.").

When the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern. See Associated Builders, Inc. v. Ala. Power Co., 505 F.2d 97, 100 (5th Cir.1974) ("Conclusory allegations and unwarranted deductions of fact are not admitted as true, especially when such conclusions are contradicted by facts disclosed by a document appended to the complaint. If the appended document, to be treated as part of the complaint for all purposes under Rule 10(c), Fed. R. Civ. P., reveals facts which foreclose recovery as a matter of law, dismissal is appropriate." (citation omitted)); Simmons v. Peavey Welsh Lumber Co., 113 F.2d 812, 813 (5th Cir. 1940)("Where there is a conflict between allegations in a pleading and exhibits thereto, it is well settled that the exhibits control.").

Case No. 8:14-CV-1565-T-17AEP

II. Discussion

A. Count I and Count III - Negligence

Defendants seek the dismissal of Counts I and III with prejudice, as Plaintiff Southeast Construction Services, LLC has not and cannot allege that Plaintiff was a customer of Defendant Wells Fargo, to whom Defendants owed a duty of care recognized by Florida law.

Count I is premised on the duty to exercise reasonable care in permitting Stephen Swafford to open a checking account, and the duty to exercise reasonable care not to allow the deposit of checks payable to Plaintiff Southeast into the Wells Fargo Account, by confirming that the fictitious name was registered, or by establishing policies and procedures to confirm that a fictitious name was registered. Plaintiff further alleges that Defendant Wells Fargo Bank, N.A. did not properly verify the customer's identity.

Count III is premised on the alleged failure to require a proper indorsement, and failure to exercise ordinary care and good faith in allowing a deposit of checks intended to pay Plaintiff Southeast Construction Services, LLC and delivered to the Plaintiff's Post Office Box or principal address into the account of Southeast Construction Services of America, Inc. opened by Stephen Swafford at Wells Fargo Bank, N.A. Plaintiff Southeast alleges the above actions constitute common law negligence.

Count I is directed to Defendants Wells Fargo Bank, N.A. and Huston Tripp. Count III is directed only to Defendant Wells Fargo.

4

Case No. 8:14-CV-1565-T-17AEP

1. Count I - Duty to Southeast Construction Services, LLC as to Opening Account

In the Amended Complaint, Plaintiff alleges that on February 24, 2011, Stephen Swafford opened an account with Wells Fargo Bank, N.A. for Swafford's company, Southeast Construction Services of America, Inc. The name on the signature card was "Southeast Construction Services." Stephen Swafford and Southeast Construction Services of America, Inc. became Defendant Wells Fargo Bank, N.A.'s customer at that time. Plaintiff does not allege that Plaintiff Southeast Construction Services, LLC was a customer of Wells Fargo Bank, N.A., only that Plaintiff was the payee on checks that were deposited in the account opened by Stephen Swafford.

Defendants argue that Plaintiff Southeast Construction Services, LLC was not Wells Fargo's customer with respect to the account. Therefore, neither Defendant owes a duty to Plaintiff as a matter of law. Sroka v. Compass Bank, 2006 WL 2535656 (Fla. Cir. Ct. 4th Cir. August 31, 2006)(citing Eisenberg v. Wachovia Bank, N.A., 301 F.3d 220(4th Cir. 2002)(no duty of care to a non-customer with whom the bank has no direct relationship; dismissing Complaint with prejudice).

Plaintiff Southeast Construction Services, LLC responds that, by allowing Swafford to open an account under the name of Southeast Construction Services, and then allowing Swafford to deposit checks payable to Southeast Construction Services, LLC, Defendants made Plaintiff a customer, and therefore owe Plaintiff a duty of reasonable care.

In the Amended Complaint, Plaintiff alleges that Defendants did not take reasonable precautions prior to allowing Stephen Swafford to open an account, and did not require proper indorsement at the time the checks were deposited, that Defendant had a duty to exercise reasonable care in permitting Stephen Swafford to open a checking account, and that Defendants owed Plaintiff a duty of reasonable care not to

5

Case No. 8:14-CV-1565-T-17AEP

allow the deposit of checks payable to Plaintiff into the Wells Fargo account, by confirming that the fictitious name was registered, or by establishing policies and procedures to confirm that a fictitious name was registered. Plaintiff further alleges that Defendants did not confirm that "Southeast Construction Services" was in fact a fictitious name registered to Stephen Swafford or his company, Southeast Construction Services of America, Inc.

Under Florida law, the existence of a duty to the injured party is one of the four elements of a claim for negligence. Curd v. Mosaic Fertilizer, LLC, 39 So.3d 1216, 1217 (Fla. 2010). "Establishing the existence of a duty under our negligence law is a minimum threshold legal requirement that opens the courthouse doors to the moving party, and is ultimately a question of law for the court rather than a jury. Williams v. Davis, 974 So.2d 1052, 1057 (Fla. 2007).

Plaintiff Southeast named Huston Tripp, bank employee, as a defendant. The attachment to the Amended Complaint establishes that Tripp opened the account. In White v. Wal-Mart Stores, Inc., 918 So.2d 357, 358 (Fla. 1st DCA 2005), the Court states:

[O]fficers or agents of corporations may be individually liable in tort if they commit or participate in a tort even if their acts are within the course and scope of their employment. However, to establish liability, the complaining party must allege and prove that the officer or agent owed a duty to the complaining party, and that the duty was breached through personal (as opposed to technical or vicarious) fault...[A]n officer or agent may not be held personally liable simply because of his general administrative responsibility for performance of some function of his [or her] employment—he or she must be actively negligent. (Citations omitted).

In the Amended Complaint, Plaintiff Southeast does not allege the breach of Tripp's personal duty not to allow the deposit of checks payable to Plaintiff Southeast each

6

Case No. 8:14-CV-1565-T-17AEP

time Stephen Swafford made a deposit into the account of Southeast Construction Services of America, Inc, or the personal duty to establish policies or procedures verifying a customer's identity.

Florida law defines a "customer" as "a person having an account with a bank or for whom a bank has agreed to collect items."   Ch. 674.104(e), Fla. Stat.   In the Order determining Plaintiff's Motion to Remand, the Court found that the exhibit attached to the Amended Complaint and Defendants' Affidavits established that Southeast Construction Services of America, Inc. was Defendant Wells Fargo's customer and Plaintiff Southeast Construction Services, LLC was not.   Therefore, Defendant Wells Fargo Bank, N.A. and Defendant Huston Tripp did not owe a duty to Plaintiff Southeast.

2. Count I - Private Cause of Action Under USA Patriot Act

Defendants argue that 31 CFR Sec. 103.121 implements section 326 of the USA Patriot Act, and there is no private cause of action for its enforcement.   See Ray v. First National Bank of Omaha, 2011 WL 488741, *2 (3d Cir. 2011); Rush v. HR Staffing Team, LLC, 2011 WL 1883169, *2 (E.D. Mich. 2011).

Plaintiff responds that Plaintiff is not attempting to allege a cause of action under the USA Patriot Act or 31 C.F.R. Sec. 103.121; Plaintiff's allegation as to violation of the statute and regulation by Defendants is further evidence of alleged negligence.   Plaintiff argues that the signature card confirms Defendants' knowledge of the requirements to properly verify the customer's identity as required by the Customer Identification Program adopted pursuant to federal law.

Case No. 8:14-CV-1565-T-17AEP

3. Count III - Bank's Duty to Payee on Forged Indorsements

In Racso Diagnostic, Inc. v. Community Bank of Homestead, 735 So.2d 519, 520 (Fla. 3d DCA 1999), the Third District Court of Appeal held that an injured party may bring a common law negligence action against banks that pay on forged indorsements, and the identity and role of the customer or thief are issues of fact to be determined by the trier of fact.   The adoption of the UCC was not intended to terminate the common law duty of inquiry.   Federal Insurance Company v. NCNB Nat. Bank of North Carolina, 958 F.2d 1544 (11th Cir. 1992).  The Court notes the provisions of Ch. 673.4051, Fla. Stat.  (duty to exercise ordinary care in paying or taking the instrument and failure contributes substantially to the loss resulting from the fraud).

After consideration, the Court **grants** the Motion to Dismiss with prejudice as to Count I and **denies** the Motion to Dismiss as to Count III.

B.     Count II - Conversion
       Ch. 673.4201, Fla. Stat.

In the Amended Complaint, Plaintiff Southeast alleges that $265,202.32 in checks payable "Southeast Construction Services, LLC issued between February 2011 and December, 2011 were sent to Plaintiff's Post Office Box or principal address.  The checks were endorsed by Stephen Swafford by signing "Southeast Construction" or "Southeast Construction Services."  (Dkt. 9, p. 5, par. 25).

Plaintiff further alleges that $360,174.24 in checks payable to "Southeast Construction Services," "Southeast Construction Srvcs," "Southeast Construction Services, Inc." or "Southeast Construction" issued between February 2011 and December 2012 were sent to Plaintiff's Post Office Box or principal address.  The checks were endorsed by Stephen Swafford by signing "Southeast Construction."

8

Case No. 8:14-CV-1565-T-17AEP

Defendants seek dismissal of Count II of the Amended Complaint with prejudice.

Defendants argue that an action for conversion of an instrument may not be brought by....a payee or indorsee who did not receive delivery of the instrument either directly or though delivery to an agent or a copayee.  See Attorney's Title Insurance Fund, Inc. v. Regions Bank, 491 F.Supp.2d 1087, 1095 (S.D. Fla. 2007).  Defendants argue that Plaintiff Southeast does not allege that the checks at issue were delivered to Southeast Construction; therefore, there was no delivery to the payee.

The checks at issue name a single payee.  Defendants argue that the only possible means of delivery which would provide requisite standing for a cause of action for conversion against Defendant Wells Fargo would be if delivery of the checks to Stephen Swafford constituted delivery to Southeast Construction's agent.  In the Amended Complaint, Plaintiff alleges that Plaintiff entrusted day-to-day operations to Stephen Swafford in 2009; Plaintiff further alleges that Swafford was an employee until some time in March, 2011.  Defendants argue that, drawing all reasonable inferences in favor of Plaintiff, there was no actual agency or apparent agency relationship between Swafford and Plaintiff Southeast Construction Services, LLC after March 31, 2011. Defendants argue that Plaintiff cannot fulfill the delivery requirement of Sec. 673.4201(1), Fla. Stat., as to the checks dated post March 31, 2011.   Defendants further argue that Plaintiff could only fulfill the delivery requirement as to remaining checks by claiming that Stephen Swafford was Plaintiff's agent for purposes of delivery, but doing so necessarily legitimizes the actions of Stephen Swafford which are alleged to have given rise to Plaintiff's conversion claim against Defendant Wells Fargo.

In response, Plaintiff Southeast Construction Services, LLC argues that Plaintiff has alleged checks payable to "Southeast Construction Services, LLC," sent to Plaintiff's Post Office Box, P. O. Box 997, Highland City, Florida, 33846-0997, or principal address, 5416 Strickland Avenue, Suite A, Lakeland, Florida, 33812.. The

9

Case No. 8:14-CV-1565-T-17AEP

checks were indorsed by Stephen Swafford by signing "Southeast Construction" or
"Southeast Construction Services." Plaintiff further alleges that checks payable to
"Southeast Construction Services," "Southeast Construction Srvcs," "Southeast
Construction Services, Inc." or "Southeast Construction" were sent to Plaintiff's Post
Office Box, P.O. Box 997, Highland City, Florida, 33846-0997, or principal address,
5416 Strickland Avenue, Suite A, Lakeland, Florida, 33812. The checks were indorsed
by Stephen Swafford by signing "Southeast Construction." (Dkt. 9, pars. 25, 26).
Plaintiff alleges that all of the checks were intended for Plaintiff Southeast. Plaintiff
Southeast argues allegations of the Amended Complaint include allegations of actual
delivery, and at least meet the requirements for constructive delivery. "Constructive
delivery occurs 'when the maker in some way evidenced an intention to make...[the
check] an enforceable obligation against himself, according to its terms, by surrendering
control over it and intentionally placing under the power of the payee or some third
person for his use.'" <u>Florida National Bank v. Isaac Industries, Inc.</u>, 610 So.2d 57, 58
(Fla. 3d DCA 1992).

In Count II of the Amended Complaint, Plaintiff alleges that the drawers of the
checks attached as Exhibits "D" and "E" intended to pay Southeast Construction
Services, LLC, and delivered the checks to the addresses listed above for Southeast
Construction Services, LLC. Plaintiff further alleges that Stephen Swafford took the
checks that were delivered to Southeast Construction Services, LLC and then
deposited them in the Wells Fargo Account by signing "Southeast Construction," or
"Southeast Construction Services" as indorsement for the checks, which constituted a
forged or unauthorized endorsement.

The Court finds that the allegations of the Amended Complaint are sufficient to
state a cause of action for statutory conversion, and **denies** the Motion to Dismiss as to
Count II. Accordingly, it is

10

Case No. 8:14-CV-1565-T-17AEP

**ORDERED** that the Motion to Dismiss with prejudice is **granted** as to Count I, and otherwise **denied**.


**DONE and ORDERED** in Chambers, in Tampa, Florida on this 17th day of March, 2015.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record